Case 1:17-cv-00154 Document 11 Filed on 02/23/18 in TXSD Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
February 23, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JESUS GUERRA, ET AL., § | | |
|     Plaintiffs § | | |
| § | | |
| v. § | | Civil Action No. B-17-154 |
| § | | |
| ALLSTATE FIRE & CASUALTY § | | |
| INSURANCE COMPANY, § | | |
|     Defendant. § | | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On August 2, 2017, this case was removed to this Court from the Cameron County Court at Law I. Dkt. No. 1.

On September 23, 2015, Plaintiffs Jesus Guerra and Norma Guerra ("Guerras") filed a motion to remand the case, asserting that the amount in controversy did not exceed $75,000. Dkt. No. 4. In the same motion, Guerra sought attorney's fees in connection with the motion to remand. That motion is currently pending before the Court. On October 16, 2017, Defendant Allstate Fire and Casualty Insurance Company ("Allstate") filed a response. Dkt. No. 7.

After reviewing the record and the relevant case law, the Court recommends that the motion to remand be granted. Allstate has not met its burden of proving, by a preponderance of the evidence, that the amount in controversy was met at the time of removal. Guerra's motion for attorney's fees in connection with the motion to remand should be denied.

**I. Background**

    **A. Factual Background**[1]

The Guerras allege that on March 10, 2017, their residential property was damaged by a broken water line. Dkt. No. 1-4, pp. 2-4.  The complaint asserts that black mold grew in the walls and the broken water line caused damage to the walls and cabinets of the bathrooms within the home. Id.

The Guerras allege that they each suffered respiratory problems from the black mold and suffered $10,000 in property damages. Dkt. No. 1-4, pp. 2-4.  The complaint sues Allstate – their homeowner's insurance company – for "failing to properly maintain and inspect" the home. Id.

The complaint does not state an overall amount of damages sought, other than identifying $10,000 in property damages. Id.  The complaint merely states that it seeks relief "within the jurisdictional limits of this court." Id.  The county court at law where this case was filed has a statutory jurisdictional limit of one million dollars. TEX. CIV. PRAC. & REM. CODE § 25.0332(a)(2).

No medical bills or demand letters have been entered into the record to establish the amount of damages sought.

    **B. Procedural History**

On June 22, 2017, the Guerras sued Allstate in the Cameron County Court at Law I, alleging that Allstate negligently failed "to properly maintain and inspect" the home. Dkt. No. 1-4.

On August 2, 2017, Allstate timely removed the case to this Court. Dkt. No. 1.  In the removal petition, Allstate alleged that all of the elements for diversity jurisdiction are present in this case.  Guerra is a citizen of Texas and Allstate is a citizen of Illinois. Id, pp. 2-3.

---

[1] Unless otherwise noted, the factual background is taken from Guerra's complaint.  In deciding a motion to remand, "the district court ordinarily should assume that all facts alleged in a plaintiff's state court petition are true." Ford v. Elsbury, 32 F.3d 931, 938 (5th Cir. 1994).

Allstate further alleged that the amount in controversy at the time of removal exceeded $75,000. Id, pp. 2-4.

On September 25, 2017, the Guerras timely filed a motion to remand the case to state court. Dkt. No. 5. The Guerras do not dispute that the parties are citizens of different states. Id, p. 4 ("Plaintiff agrees with Defendant as to the diversity of citizenship."). Instead, the Guerras argues that the amount in controversy has not been met, because there is no basis in the record to conclude that the amount in controversy exceeds $75,000. Id, pp. 4-5.

On October 16, 2017, Allstate responded to the motion to remand. Dkt. No. 6. In the response, Allstate re-iterated that the total damages exceeded $75,000, based on the type of damages sought by the Guerras. Id.

The Guerras did not file a reply brief.

## II. Applicable Law

### A. Diversity Jurisdiction

United States District Courts have original jurisdiction in civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Neither party challenges the diversity of citizenship in this case. Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 553 (2005)(requiring complete diversity of citizenship). Instead, the jurisdictional challenge centers around the amount in controversy.

### B. Removal

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable" to federal court. 28 U.S.C. § 1441(a)-(b). The party seeking removal bears the burden of showing that jurisdiction exists and that removal is proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Jurisdiction is determined by examining the claims in the state court petition at the time of removal. Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id.

### C. Amount In Controversy

Defendant bears the burden of proving, by a preponderance of the evidence, that the amount in controversy, at the time of removal, exceeds $75,000. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882-83 (5th Cir. 2000). If the state court petition does not ask for a sum certain, "[t]he defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount." Id. The Court notes that under Texas law, plaintiffs only plead a range of damages. TEX. R. CIV. P. 47(b).

The $75,000 is calculated "exclusive of interest and costs." 28 U.S.C. § 1332(a). If the Plaintiff seeks the recovery of attorney's fees under a state statute, which permits such recovery, those fees should be included in the calculation of the amount in controversy. Louque v. Allstate Ins. Co., 314 F.3d 776, 779 (5th Cir. 2002). The Court, however, "cannot simply guesstimate their amount and add them to the other damages to arrive at the amount in controversy. Some kind of allegation or proof of the amount of [attorney's] fees incurred is needed." Mintzer v. Lester, 51 F. App'x 929 (5th Cir. 2002) (unpubl.).

A plaintiff may elect to stipulate that it will not accept a recovery of $75,000, or more, in order to defeat jurisdiction – limiting the amount that could at most be recovered. Such a stipulation is not necessary and a failure to enter into such a stipulation, standing alone, "will not defeat a plaintiff's motion to remand." Gulf Coast Envtl. Sys., LLC v. TKS Control Sys., Inc., No. CIV.A. H-08-1080, 2008 WL 2704766, at *4 (S.D. Tex. July 7, 2008) (unpubl.).

### D. Attorney's Fee Award

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

"There is no automatic entitlement to an award of attorney's fees," under § 1447(c). Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 292 (5th Cir. 2000). Rather, fees are to be

4

awarded "when the removing party lacks an objectively reasonable basis for removal." Am. Airlines, Inc. v. Sabre, Inc., 694 F.3d 539, 542 (5th Cir. 2012). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005).

### III. Analysis

At this stage, there is a single issue for the Court to resolve: whether Allstate has established, by a preponderance of the evidence, that – at the time of removal – the amount in controversy exceeded $75,000. The parties otherwise agree that there is diversity of citizenship in this case. Dkt. No. 5, p. 4.

As noted earlier, the burden of proving the issue of the amount in controversy lies solely with Allstate, because they removed the case to this Court. Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 638 (5th Cir. 2003) ("The party seeking to invoke federal diversity jurisdiction bears the burden of establishing . . . that the amount in controversy exceeds $75,000."). Allstate must meet this burden by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B). Furthermore, "[a]ny ambiguities are construed against removal and in favor of remand to state court." Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 397 (5th Cir. 2013).

#### A. Amount in Controversy

Because Texas does not require plaintiffs to plead sum certain damages, the Court must analyze whether there is additional evidence which supports a finding that the amount in controversy exceeds $75,000. Gebbia, 233 F.3d at 882-83 (noting that the defendant may use summary judgment-style evidence to prove the amount in controversy).

The state court complaint seeks $10,000, in property damages. Dkt. No. 1-4, p. 4. It also seeks damages for past and future reasonable medical and expenses, past and future

physical pain and suffering, past and future mental anguish, fear of future disease or condition, as well as costs associated with medical monitoring and future medical prevention for both of the Guerras. Id, pp. 4-5. There is, however, no damage sum associated with these claims.

Furthermore, no medical records have been entered into evidence to establish any kind of sum certain associated with the past medical expenses. See Penn v. Home Depot U.S.A., Inc., No. CIV.A. H-13-3083, 2013 WL 6859119, at *3 (S.D. Tex. Dec. 30, 2013) (using medical records to ascertain amount in controversy). Nor has Allstate provided a demand letter from the Guerras indicating any sum certain value for the claims in this case. See Escobedo v. Marmaxx Operating Corp., No. CIV.A. B-09-123, 2009 WL 1636245, at *2 (S.D. Tex. June 10, 2009) (court can use demand letter to ascertain amount in controversy).

This is not a case where the damages will obviously and facially exceed $75,000. See Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720 (5th Cir. 2002) (in a class action case where the attorney's fees of the entire class were aggregated, it was facially apparent that the amount in controversy would be met); Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995) (in a case involving three defendants, 512 plaintiffs and a "wide variety of harm allegedly caused by wanton and reckless conduct" it was "common sense" that the amount in controversy was met). Those types of facts – where the amount in controversy would obviously be met – are not present in this case. Instead, the Court is confronted with a claim for property damage of $10,000 and ambiguous claims for medical damages, with no evidentiary basis to conclude how serious those medical issues are. For example, the Court does not know if either of the Guerras had extensive hospitalizations or were prescribed expensive medications for any medical issues surrounding the alleged black mold. The Court can use common sense in determining if the amount in controversy is met, but it is not permitted to make wild guesses. See Mintzer, 51 F. App'x 929 (the Court cannot simply "guesstimate" the amount of attorneys fees in a case to determine if the amount in controversy has been satisfied).

It is Allstate's burden to establish by a preponderance of the evidence that the claims in this case meet or exceed $75,000. Manguno, 276 F.3d at 723. In this case, there have been insufficient facts pled to support such a finding. Gebbia, 233 F.3d at 882-83. In the instant case, the medical-related damages may – or may not – be sufficient to meet the amount in controversy. That ambiguity, however, is fatal to federal jurisdiction.

"Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Given this edict, the Court should conclude that any ambiguities, in the amount of attorney's fees, should be construed in favor of remanding the case.

**B. Attorney's Fees on Motion to Remand**

The Guerras have sought attorney's fees in connection with the motion to remand.

A plaintiff is not automatically entitled to attorney's fees when a case is remanded to state court. American Airlines, Inc. v. Sabre, Inc., 694 F.3d 539, 541-42 (5th Cir. 2012). The Court may award attorney's fees only "when the removing party lacks an objectively reasonable basis for removal." Id.

There was an objectively reasonable basis for removal in this case. Moreover, there is no indication in the record that the removal was "sought for the purpose of prolonging litigation and imposing costs on the opposing party." Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005). While the amount of damages sought by the Guerras was not clearly established at the time of removal, Allstate had an objectively reasonable argument that the necessary amount in controversy was met. The motion for attorney's fees should be denied.

**IV. Recommendation**

It is recommended that the motion to remand filed by Jesus and Norma Guerra, Dkt. No. 5, be granted and this case be remanded to the Cameron County Court at Law I. It is further recommended that the Guerras's motion for the award of attorney's fees be denied.

The parties have fourteen (14) days from the date of being served with a copy of this

7

Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

      DONE at Brownsville, Texas, on February 23, 2018.

                                                          _____

                                                          Ronald G. Morgan
                                                          United States Magistrate Judge